UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY JOHNSON,<br>    Plaintiff, | )<br>)<br>) |
| vs. | ) No. 18-2007 |
| CAPTAIN MATT BARRETT<br>and SCOTT EISENHOWR,<br>    Defendants | )<br>)<br>)<br>) |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Defendants Captain Matt Barrett and Major Scott Eisenhowr violated his constitutional rights when he was bit by a spider while in the jail at the Danville Public Safety Building. Plaintiff lists the date of the event as "unknown." (Compl, p. 5). Plaintiff says Captain Barrett knew there was an "infestation" of spiders and bed bugs, but the Defendant failed to properly inspect and maintain the premises. Plaintiff also claims Captain Barrett "fraudulently concealed such information from me" and "failed to remedy or warn of the known dangerous

condition." (Comp, p. 5). Plaintiff explains he intends to state the same allegations against Defendant Major Eisenhowr.

Plaintiff says the spider bit him on the top of his left foot and became infected. Therefore, he had to take medication for the infection. Plaintiff says it still hurts to walk on his foot. Plaintiff is asking for $250,000 in damages.

Plaintiff's complaint fails to state a constitutional violation. First, if Plaintiff is unable to provide the date of the spider bite, he MUST provide some general time frame. For instance, the week or two week period it occurred if possible, and if not, the month it occurred. Plaintiff also must clarify what year it occurred.

Second, it is not clear what constitutional violation Plaintiff intended to allege. If Plaintiff was attempting to allege a constitutional violation based on the infestation of spiders, he must provide more information in his complaint. His complaint alleges one spider bite and therefore he has not alleged or provided any information indicating there was an infestation of insects. In addition, Plaintiff has not alleged he suffered from a serious medical condition, and admits he received care when he reported the spider bite.

Third, it is not clear if Plaintiff is referring to the Vermillion County Jail or the police department, and it is not clear why a captain or a major would be responsible for the overall upkeep of the facility.

Finally, Plaintiff is required to exhaust his administrative remedies before filing his lawsuit. However, Plaintiff has checked the box indicating he did not file a grievance, but Plaintiff says the correctional officers did not provide him with the

appropriate forms.  Again, it is important that Plaintiff provide the time frame of his allegations.  If it occurred at the Danville Public Safety Building, did Plaintiff file a grievance when he was there and how long did he remain at this institution?

Based on the allegations in Plaintiff's complaint, he has failed to clearly state a claim upon which relief can be granted.  Therefore, his complaint will be dismissed.  If Plaintiff believes he can state a constitutional violation, he may file an amended complaint within 21 days of this order.   The amended complaint must stand complete on its own, include all claims against all Defendants, and must not make reference to the previous complaint.

> IT IS THEREFORE ORDERED:
>
> 1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A.
>
> 2) If Plaintiff believes he can state a constitutional violation based on the incident alleged, he may file an amended complaint within 21 days of this order or on or before April 23, 2018.  If Plaintiff fails to file an amended complaint on or before the April 23, 2018 deadline, his case will be dismissed.
>
> 3) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff clarifies his intended claims. [4].
>
> 4) Plaintiff's motion for a status update is denied as moot. [7].
>
> 5) The Clerk is to provide the Plaintiff with a blank complaint form and reset the internal merit review deadline for 30 days for the date of this order.

Entered this 2nd day of April, 2018.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE